IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BRANDON L. HENNERBERG,<br>　　　　　　　Defendant. | CASE NO: **4:16MJ3027**<br><br>**DETENTION ORDER** |

　　　The defendant is charged with a felony involving a minor victim. On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending a preliminary hearing.

　　　There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the safety of the community because there is probable cause to believe the defendant committed a felony involving a minor. The defendant has not rebutted this presumption.

　　　Based on the information of record, the court finds by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

　　　Specifically, the court finds that there is probable cause to believe the defendant was actively soliciting and enticing minor children to assist in the production of child pornography. During the search of his home pursuant to a warrant issued by this court, officers located computers and associated electronic data supporting the allegations within the complaint. Accordingly, based on the weight of the evidence against the defendant, the court finds the defendant's release would pose a substantial risk of harm to others, including minor victims. and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Directions Regarding Detention

　　　The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

　　　Dated March 10, 2016.　　　　　　　　　　　　BY THE COURT:
　　　　　　　　　　　　　　　　　　　　　　　　　　*s/ Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge